IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TING YOU,
on behalf of himself and others
similarly situated and
also known as Danny You,

      Plaintiff,

v.                   //    CIVIL ACTION NO. 1:17cv42
                                   (Judge Keeley)

GRAND CHINA BUFFET & GRILL, INC.,
doing business as
Grand China Buffet & Grill;
ATLANTIC BUFFETT & GRILL, LLC,
doing business as
Grand China Buffet & Grill;
QI FENG CHEN; AMANDA CHEN;
and HUI CHEN,

      Defendants.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR
CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 34]**

Before the Court is the plaintiff's motion for conditional certification of a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. (Dkt. No. 34). For the reasons discussed below, the motion is **DENIED** subject to renewal.

### I. BACKGROUND

The plaintiff, Ting You ("Mr. You"), is a former employee of defendant Grand China Buffet and Grill, a restaurant located at 270 Emily Drive in Clarksburg, West Virginia. Mr. You previously worked as a waiter at the restaurant, where he was also regularly tasked with "side work," including food preparation and cleaning tasks.

**YOU v. GRAND CHINA, ET AL.** 1:17CV42

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 34]**

Although he has no records to support his allegations, Mr. You asserts that, from approximately April 2013 to March 2015, he worked six days a week, for a total of seventy-four (74) hours each week. According to Mr. You, the defendants paid him no wages, and he relied solely on tips, which were subject to a "demerit system" if customers complained about their meals or left without paying the full bill. Mr. You further alleges that he did not receive any overtime pay, nor was he informed that his tips counted toward the minimum wage.

On July 18, 2017, Mr. You filed a motion for conditional certification of a collective action and the implementation of a court-facilitated notice plan (Dkt. No. 34). He alleges that the defendants regularly failed to compensate him and other employees for time worked in excess of forty (40) hours per week in violation of the FLSA, and proposes to represent a collective of former and current restaurant employees. He seeks to include any non-managerial employees from March 16, 2014 to the present, who were also subject to the same unfair employment practices, lack of overtime compensation, and unpaid minimum wage compensation. The defendants dispute that collective certification is appropriate under 29 U.S.C. § 216(b) (Dkt. No. 41). The matter is now fully briefed and ripe for review.

**YOU v. GRAND CHINA, ET AL.**                                            **1:17CV42**

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR
CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 34]**

## II. APPLICABLE LAW

Under the FLSA, employees may maintain a collective action on behalf of themselves and "other employees similarly situated." 29 U.S.C. § 216(b). Putative plaintiffs who wish to join an FLSA collective action are required to "opt in" by filing a written consent form with the Court. Id. Certification of a collective action is appropriate where the class members (1) are "similarly situated" and (2) opt in to the pending action. Romero v. Mountaire Farms, Inc., 796 F.Supp.2d 700, 705 (E.D.N.C. 2011); see also Felix de Asencio v. Tyson Foods, Inc., 130 F.Supp.2d 660, 662 (E.D. Pa. 2001) ("The only two requirements . . . under the FLSA are that class members be similarly situated and that each member file a consent to joining the action." (citation omitted)).

District courts generally take a two-step approach to certification of FLSA collective actions. Cleary v. Tren Services Inc., No. 2:11-123, 2012 WL 1189909, at *3 (S.D. W. Va. Apr. 9, 2012); see also Nolan v. Reliant Equity Investors, LLC, No. 3:08-62, 2009 WL 2461008, at *7 (N.D. W. Va. Aug. 10, 2009) (collecting cases). The "notice" or "conditional certification" stage comes first. This stage typically occurs early in the proceedings, before discovery is completed. Cleary, 2012 WL

**YOU v. GRAND CHINA, ET AL.**　　　　　　　　　　　　　　　**1:17CV42**

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR
CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 34]**

1189909, at *3. Accordingly, "the Court need only reach a preliminary determination that potential plaintiffs are 'similarly situated.'" Patton v. Thomson Corp., 364 F.Supp.2d 263, 267 (E.D.N.Y. 2005) (citations omitted). If the court finds that the plaintiffs have cleared this "low bar," Westfall v. Kendle Intern, CPU, LLC, No. 1:05-00118, 2007 WL 486606, at *9 (N.D. W. Va. Feb. 15, 2007), it will conditionally certify the class and, if appropriate, "authorize[] plaintiffs' counsel to provide the putative class members with notice of the lawsuit and their right to opt-in." Romero, 796 F.Supp.2d at 705 (citing Hipp v. Liberty Nat. Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001)).

The second stage of the inquiry occurs if the defendant moves to "decertify" the class, which generally takes place after discovery is completed and the matter is ready for trial. Cleary, 2012 WL 1189909, at *3; see also Nolan, 2009 WL 2461008, at *7. "At that point, the court makes a factual determination as to whether the class is truly 'similarly situated.'" Purdham v. Fairfax Cty. Pub. Schools, 629 F.Supp.2d 544, 547 (E.D. Va. 2009)(citing Parker v. Rowland Express, Inc., 492 F.Supp.2d 1159, 1164 (D. Minn. 2007)). As the court typically has "much more information on which to base its decision" at this stage, Hipp, 252 F.3d at 1218 (citation omitted), it "applies a heightened, fact specific

4

**YOU v. GRAND CHINA, ET AL.**                                    **1:17CV42**

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR
CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 34]**

standard to determine whether the proposed class members are similarly situated." Cleary, 2012 WL 1189909, at *3 (citations omitted).

The pending motion concerns only the first step of the certification process. At this stage, the plaintiff bears the burden of demonstrating "the existence of a putative class of 'similarly situated' persons." Purdham, 629 F.Supp.2d at 548. Plaintiffs are similarly situated to a proposed class when, collectively, they were victims of "a single decision, policy, or plan that violated the law." Nolan, 2009 WL 2461008 at *7 (quoting Reeves v. Alliant Techsystems, Inc., 77 F.Supp.2d 242, 247 (D.R.I. 1999)); see also De Luna-Guerrero v. North Carolina Grower's Ass'n, Inc., 338 F.Supp.2d 649, 654 (E.D.N.C. 2004) ("plaintiffs must raise a similar legal issue as to coverage, exemption, or nonpayment or minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions" (citation omitted)). In other words, the named plaintiff must demonstrate some sort of "factual nexus" that connects his claims to the other putative plaintiffs "as victims of an unlawful practice." Sharpe v. APAC Customer Services, Inc., No. 09cv329, 2010 WL 135168, at *4 (W.D. Wis. Jan. 11, 2010).

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 34]**

The plaintiff's burden at this stage has been described as "minimal," Lynch v. United Servs. Auto. Ass'n, 491 F.Supp.2d 357, 367–68 (S.D.N.Y. 2007), and "lenient." Yeibyo v. E-Park of DC, Inc., et al., No. 2007-1919, 2008 WL 182502, at *7 (D. Md. Jan. 18, 2008). District courts in this Circuit have found conditional certification appropriate where plaintiffs put forth a "modest factual showing" that the members of the putative class were victims of a common policy or practice that violated the FLSA. Westfall, 2007 WL 486606, at *8 (citation omitted).

"This evidence need not, however, enable the court to determine conclusively whether a class of 'similarly situated' plaintiffs exists." Mitchel v. Crosby Corp., No. DKC 10–2349, 2012 WL 4005535, at *3 (D. Md. Sept. 10, 2012). Rather, plaintiffs seeking conditional certification need only submit evidence establishing "a colorable basis for their claim that a class of 'similarly situated' plaintiffs exist[s]." Faust v. Comcast Cable Communications Management, LLC, No. WMN-10-2336, 2011 WL 5244421, at *2 (D. Md. Nov. 1, 2011) (quoting Severtson v. Phillips Beverage Co., 137 F.R.D. 264, 266 (D. Minn. 1991)).

**YOU v. GRAND CHINA, ET AL.** 1:17CV42

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 34]**

### III. DISCUSSION

Mr. You seeks to conditionally certify a collective action consisting of

> all of those non-managerial employees of Defendants who currently and/or previously worked at Defendants' Grand China Buffet and Grill restaurant located at 270 Emily Dr., Clarksburg WV 26301 from March 16, 2014 through the present and who:
>
> I. worked overtime during that period;
> II. did not receive proper overtime compensation at one and one-half hourly rate;
> III. did not receive equal to or more than minimum wages under the FLSA for each hour they worked for Defendants; or
> IV. were not provided with overtimes [sic] notices as required by the FLSA.

(Dkt. No. 34-7 at 9-10). Insomuch as he seeks to certify a collective consisting of "all . . . non-managerial employees," Mr. You's proposed collective would include both tipped waiters and non-tipped kitchen workers. Id. at 11-12.

In support of his motion for conditional certification, Mr. You offered a single affidavit: his own (Dkt. No. 34 at 4-7), in which he identifies, by first name, nickname, and/or physical description only, approximately seven (7) waiters that he alleges worked at the restaurant and were "paid similarly" to him, as well as a few cooks and food preparers to whom he claims to have spoken "briefly about the general wage situation."

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 34]**

During a status conference in the case held on February 2, 2018, the Court directed Mr. You to file a supplemental brief by March 5, 2018, to clarify the appropriate definition of the proposed collective, and to set forth his position regarding the existence of a class of similarly situated persons. Mr. You was advised that he was expected to support his positions with exhibits. Despite the Court's specific directives, Mr. You did not file a supplemental brief addressing the deficiencies previously identified by the Court. Rather, on March 6, 2018, he moved for leave to file a second affidavit in support of his motion (Dkt. No. 67).

In his second affidavit, Mr. You identified, by first name and physical description, approximately ten (10) waiters who, he claims, were paid no base wages or overtime and earned only tips (Dkt. No. 67-3). He similarly identified approximately eight kitchen workers he claims were paid flat monthly wages and no overtime. Mr. You avers that his knowledge is based on personal conversations with the other waiters and kitchen workers "about how they were paid." Id. at 3. For example, Mr. You states that "Tommy," a waiter who "was about 33 years old, about 160 cm, and about 140 lb" and also known as "Tammy," worked at the restaurant for "about 1 month." Id. at 5. Mr. You goes on to say he "know[s]

8

**YOU v. GRAND CHINA, ET AL.** 1:17CV42

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR
CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 34]**

from speaking with him . . . that Tommy was paid no base wages or overtime and earned only tips." Id. To his second affidavit, Mr. You attached a series of photographs that allegedly picture him and several of the employees described in the affidavit working in the restaurant (Dkt. No. 67-4).

At this stage, Mr. You bears the burden of demonstrating "the existence of a putative class of 'similarly situated' persons." Purdham, 629 F.Supp.2d at 548. Although his burden at this stage is minimal, the named plaintiff nonetheless must demonstrate some sort of "factual nexus" that connects his claims to the other putative plaintiffs "as victims of an unlawful practice." Sharpe, 2010 WL 135168, at *4.

Here, Mr. You has failed to put forth even a "modest factual showing" that the members of the proposed class were victims of a common policy or practice that violated the FLSA. Westfall, 2007 WL 486606, at *8 (citation omitted). Ultimately, "[t]he plaintiff has the burden of demonstrating that notice is 'appropriate.'" D'Anna v. M/A-COM, Inc., 903 F.Supp. 889, 894 (D.Md. 1995)(citations omitted). And although "[t]he plaintiff's burden of showing the existence of a potential class of similarly situated is 'not onerous,' . . . it is also 'not invisible.'" Purdham v. Fairfax

9

**YOU v. GRAND CHINA, ET AL.**                                      **1:17CV42**

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 34]**

Cty. Pub. Sch., 629 F. Supp. 2d 544, 548 (E.D. Va. 2009)*(citing* Parker v. Rowland Express, Inc.*,* 492 F.Supp.2d 1159, 1164 (D.Minn. 2007)(citations omitted)).

At bottom, Mr. You's affidavits[1] are the only purported evidence supporting his request for conditional certification, especially the essential evidence that there are other employees who are similarly situated. Other than his own general allegations that other restaurant employees were "paid similarly," Mr. You's affidavits provide little factual evidence establishing that there are members of a proposed class who were victims of a common policy or practice that violated the FLSA.

Beyond these affidavits, there is no evidence supporting Mr. You's contention of the existence of a similarly situated group of potential plaintiffs. Despite the opportunity to provide further support for his position, Mr. You failed to submit affidavits from other current or former restaurant employees, or even to provide their full names. Nor has he otherwise supplemented his motion with other evidence, such as tax returns, social security earnings

---

[1] Notably, both of these affidavits are in English, although Mr. You speaks extremely limited English. He alleges, without explanation, that the affidavits were "translated" to him in his native language, Mandarin Chinese. Mr. You has not proferred a translation, and the affidavits contain no information as to whether the translator was qualified to translate the documents accurately.

**YOU v. GRAND CHINA, ET AL.** 1:17CV42

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 34]**

statements, and other documents that would establish Mr. You's and others' employment at the restaurant.

During a hearing on discovery matters held on March 13, 2018, Mr. You's attorney stated that his client has no such documents. He further represented that, while Mr. You can recall how many hours he worked at the restaurant, he has no recollection of any money, wages or tips he may have earned there. He also advised that Mr. You possesses no records at all documenting his earnings. Following the hearing, the Court directed counsel for the defendants to take Mr. You's deposition within thirty (30) days to further develop the factual background as to these issues. It also directed the parties to file a transcript of the deposition.

Given the foregoing, the Court finds that, under even the lenient standard applicable at this first stage of the class certification process, Mr. You's affidavits and accompanying photographs are insufficient to support conditional collective certification at this time. See Bernard v. Household Int'l, Inc., 231 F.Supp.2d 433, 435 (E.D.Va. 2002)(citation omitted)("Mere allegations will not suffice; some factual evidence is necessary."). Based on insufficient factual evidence, the Court concludes that Mr. You has failed to meet even his minimal burden

**YOU v. GRAND CHINA, ET AL.** 1:17CV42

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION [DKT. NO. 34]**

of demonstrating "the existence of a putative class of 'similarly situated' persons." Purdham, 629 F.Supp.2d at 548. Nevertheless, should discovery later provide an adequate factual basis for doing so, the Court grants leave to Mr. You to refile his motion.

## IV. CONCLUSION

Therefore, for the reasons discussed, the Court:

- **GRANTS** the plaintiff's motion for leave to file a second affidavit (Dkt. No. 67),
- **DENIES** the plaintiff's motion for conditional certification of a collective action under the FLSA (Dkt. No. 34), and
- **GRANTS** leave to plaintiff to refile his motion should discovery provide an adequate factual basis to do so.

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record.

DATED: March 15, 2018.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE