```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**TING YOU,**
**on behalf of himself and others**
**similarly situated and**
**also known as Danny You,**

      **Plaintiff,**

**v.**  //  **CIVIL ACTION NO. 1:17CV42**
                             **(Judge Keeley)**

**GRAND CHINA BUFFET & GRILL, INC.,**
**doing business as**
**Grand China Buffet & Grill;**
**ATLANTIC BUFFET & GRILL, LLC,**
**doing business as**
**Grand China Buffet & Grill;**
**QI FENG CHEN; AMANDA CHEN;**
**and HUI CHEN,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. NO. 93], GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SANCTIONS [DKT. NO. 86], AND DENYING PLAINTIFF'S MOTION TO WITHDRAW AS COUNSEL [DKT. NO. 83]**

      This suit presents claims under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201-219, as well as state law claims for unlawful employment practices. The plaintiff, Ting You, also known as Danny You ("Mr. You"), asserts that he is a former employee of Grand China Buffet and Grill ("the Buffet"), a restaurant previously located at 270 Emily Drive in Clarksburg, West Virginia.

      Pending is a motion for summary judgment filed by defendants Grand China Buffet & Grill, Inc., doing business as Grand China Buffet & Grill ("Grand China"), Qi Feng Chen ("Mr. Chen"), and Hui Chen ("Mrs. Chen"). Also pending is a motion for sanctions filed by

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. NO. 93], GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SANCTIONS [DKT. NO. 86], AND DENYING PLAINTIFF'S MOTION TO WITHDRAW AS COUNSEL [DKT. NO. 83]**

Grand China and the Chens, as well as a motion to withdraw as counsel filed by Mr. You's attorneys. For the reasons that follow, the Court **GRANTS** the motion for summary judgment (Dkt. No. 93), **GRANTS in part** and **DENIES in part** the motion for sanctions (Dkt. No. 86), and **DENIES** the motion to withdraw as counsel (Dkt. No. 83), subject to renewal.

## I. BACKGROUND

**A.   Factual Background**

As it must, the Court reviews the evidence in the light most favorable to the non-moving party, Mr. You. See Providence Square Assocs., L.L.C. v. G.D.F., Inc., 211 F.3d 846, 850 (4th Cir. 2000).

Mr. You alleges that he worked as a waiter at the Buffet from approximately April 10, 2013, to March 29, 2015, with the exception of two months in the summer of 2013 (Dkt. No. 1 at 3, 6).[1] According to Mr. You, Mr. and Mrs. Chen owned and/or operated the Buffet throughout the duration of his employment. Mr. You alleges that the Chens, as owner-operators, had the authority to hire and fire employees, to create work schedules, and to decide how much employees were to be paid. Id. at 4-5.

---

[1] Specifically, Mr. You alleges that he "took time off from work" at the Buffet from approximately June 25, 2013, to August 14, 2013. Id. at 6.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. NO. 93], GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SANCTIONS [DKT. NO. 86], AND DENYING PLAINTIFF'S MOTION TO WITHDRAW AS COUNSEL [DKT. NO. 83]**

Mr. You asserts that he worked twelve to thirteen hours per day, six days per week at the Buffet, for a total of seventy-four (74) hours each week. Id. at 7. According to Mr. You, the defendants paid him no wages, and he relied solely on tips, which were subject to a "demerit system" if customers complained about their meals or left without paying the full bill. Id. Mr. You further alleges that he did not receive any overtime pay, nor was he informed that his tips counted toward the minimum wage. Id. at 7-8.

**B.    Procedural Background**

Mr. You filed suit against Grand China and the Chens in this Court on March 16, 2017, alleging violations of the FLSA and of West Virginia labor laws relating to minimum wages, overtime wages, and the illegal retention of tips (Dkt. No. 1 at 12-17). Mr. You's complaint also named as a defendant Atlantic Buffet and Grill, LLC, d/b/a Grand China Buffet & Grill ("Atlantic").[2] Mr. You's specific allegations against Atlantic are limited and, at most, allege that the Buffet was owned by Atlantic at some point during his

---

[2] The complaint also named as defendants FACB LLC d/b/a Grand China Buffet & Grill ("FACB") and Mei Fang Jiang ("Jiang"). By Order entered on February 6, 2018, the Court dismissed the claims against FACB and Jiang with prejudice (Dkt. No. 62).

**YOU V. GRAND CHINA ET AL.**                                            **1:17CV42**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. NO. 93], GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SANCTIONS [DKT. NO. 86], AND DENYING PLAINTIFF'S MOTION TO WITHDRAW AS COUNSEL [DKT. NO. 83]**

employment.[3] See id. at 3-4. As relief, Mr. You seeks "(1) unpaid minimum wage, (2) unpaid overtime wages, (3) the full portion of tips illegally retained and pocked [sic] by Owner/Operator Defendants; (4) liquidated damages, (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs," and any other relief the Court deems appropriate. Id. at 2.

Following the entry of an initial scheduling order (Dkt. No. 26), Mr. You moved for conditional certification of a collective action under the FLSA and the implementation of a court-facilitated notice plan (Dkt. No. 34). In support of his request, he alleged that the defendants regularly failed to compensate him and other employees for time worked in excess of forty (40) hours per week in violation of the FLSA and proposed to represent a collective of former and current restaurant employees. Based on insufficient factual evidence, the Court concluded that Mr. You had failed to meet even his minimal burden of demonstrating the existence of a putative class of similarly situated persons and therefore denied

---

[3] On March 23, 2017, the West Virginia Secretary of State accepted service of process on behalf of Atlantic (Dkt. No. 5). To date, Atlantic has not answered the complaint or otherwise appeared in the case.

**YOU V. GRAND CHINA ET AL.** 1:17CV42

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. NO. 93], GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SANCTIONS [DKT. NO. 86], AND DENYING PLAINTIFF'S MOTION TO WITHDRAW AS COUNSEL [DKT. NO. 83]**

his motion for conditional certification (Dkt. No. 77). The case thereafter proceeded as to Mr. You only.

During discovery, Grand China filed a motion to compel based on Mr. You's inadequate responses to its requests for production. During a hearing on February 2, 2018, the Court granted the motion to compel and ordered Mr. You to supplement his responses within ten (10) days (Dkt. No. 62). Thereafter, counsel for Grand China notified the Court of Mr. You's failure to comply with the order (Dkt. Nos. 61; 62). During a subsequent show cause hearing, the Court ordered that Mr. You be deposed within thirty (30) days at the Clarksburg, West Virginia, point of holding court, and that the parties divide equally the cost of the interpreter required for the deposition (Dkt. No. 76).

After being advised of Mr. You's availability by his counsel and after obtaining a qualified translator, counsel for Grand China and the Chens noticed Mr. You's deposition for April 10, 2018 (Dkt. Nos. 82-3; 82-4). On March 30, 2018, Mr. You's attorneys advised opposing counsel that they could no longer confirm their client's availability on that date, and that he "refused to consent to any date" to be deposed (Dkt. No. 82-2). When defense counsel sought clarification, Mr. You's attorneys confirmed that Mr. You would not

**YOU V. GRAND CHINA ET AL.**                                          **1:17CV42**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. NO. 93], GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SANCTIONS [DKT. NO. 86], AND DENYING PLAINTIFF'S MOTION TO WITHDRAW AS COUNSEL [DKT. NO. 83]**

be appearing at his deposition, despite the Court's prior order (Dkt. No. 82-1).

Now pending is Grand China and the Chens' motion for summary judgment on Mr. You's claims (Dkt. No. 93). In support of their motion, the defendants argue that the claims against them are time-barred by the applicable statutes of limitations (Dkt. No. 94 at 2-5). Specifically, Grand China and the Chens contend that they sold the Buffet to Atlantic on August 31, 2013, a date prior to Mr. You's earliest possible "reach-back" date for alleged violations under the FLSA and West Virginia labor laws. Thus, they cannot be liable for Mr. You's allegedly unpaid wages or any other alleged wage and hour violations.[4] Id. In response, Mr. You contends that genuine issues of material fact exist as to when Grand China and the Chens stopped operating the Buffet (Dkt. No. 96 at 6-8).

Grand China and the Chens have also moved for sanctions under Federal Rule of Civil Procedure 37. They argue that sanctions are appropriate in this case because Mr. You repeatedly failed to

---

[4] Alternatively, Grand China and the Chens argue that Mr. You did not work at the Buffet at *any* time prior to August 2013 (Dkt. No. 94 at 5-9). Because the statute of limitations issue is dispositive, the Court need not resolve the factual dispute regarding the date on which Mr. You allegedly began working at the Buffet.

6

**YOU V. GRAND CHINA ET AL.**                                          **1:17CV42**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. NO. 93], GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SANCTIONS [DKT. NO. 86], AND DENYING PLAINTIFF'S MOTION TO WITHDRAW AS COUNSEL [DKT. NO. 83]**

satisfy his discovery obligations and twice failed to comply with orders of this Court (Dkt. No. 87). Also pending is a motion to withdraw as counsel filed by Mr. You's attorneys (Dkt. No. 83).

## II. MOTION FOR SUMMARY JUDGMENT

### A. Standard of Review

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When ruling on a motion for summary judgment, the Court reviews all the evidence "in the light most favorable" to the nonmoving party. Providence Square Assocs., L.L.C. v. G.D.F., Inc., 211 F.3d 846, 850 (4th Cir. 2000). The Court must avoid weighing the evidence or determining its truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has made the

**YOU V. GRAND CHINA ET AL.**                                        **1:17CV42**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. NO. 93], GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SANCTIONS [DKT. NO. 86], AND DENYING PLAINTIFF'S MOTION TO WITHDRAW AS COUNSEL [DKT. NO. 83]**

necessary showing, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256 (internal quotation marks and citation omitted). The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment; the evidence must be such that a rational trier of fact could reasonably find for the nonmoving party. Id. at 248-52.

**B.   Mr. You's Affidavit**

Among the limited evidence Mr. You submitted in opposition to the defendants' motion for summary is his own affidavit (Dkt. No. 95-5), which he previously submitted to the Court in support of his motion for conditional certification. See Dkt. No. 67-3. As the Court observed at that time, see Dkt. No. 77 at n. 1, this affidavit is in English, although Mr. You speaks extremely limited English. Grand China and the Chens object to the Court's consideration of Mr. You's translated affidavit, arguing that it should be stricken from the record on summary judgment (Dkt. No. 96 at 2-4).

Federal Rule of Civil Procedure 56(c) permits the use of affidavits in support of or opposition to a motion for summary judgment. "An affidavit . . . used to support or oppose a motion

8

**YOU V. GRAND CHINA ET AL.** 1:17CV42

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. NO. 93], GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SANCTIONS [DKT. NO. 86], AND DENYING PLAINTIFF'S MOTION TO WITHDRAW AS COUNSEL [DKT. NO. 83]**

must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant . . . is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Of course, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2).

Critically, "[w]itness testimony translated from a foreign language must be properly authenticated and any interpretation must be shown to be an accurate translation done by a competent translator." Jack v. Trans World Airlines, Inc., 854 F. Supp. 654, 659 (N.D. Cal. 1994) (citing Fed. R. Evid. 604 and 901); see also Ulysse v. Waste Mgmt. of Fla., No. 11-80723-CIV, 2013 WL 12177350, at *2 (S.D. Fla. Sept. 9, 2013) (affidavits not considered for purposes of summary judgment where they contained no information as to whether the translator was qualified and translated accurately); Miranda v. Sweet Dixie Melon Co., No. 7:06-CV-92, 2009 WL 1324847 (M.D. Ga. May 13, 2009) (affidavit not considered where translator was an employee of counsel of the proponent of the evidence, and there was no certification that the translation was accurate).

Here, Mr. You alleges, without explanation, that the affidavit was "translated" to him in his native language, Mandarin Chinese

**YOU V. GRAND CHINA ET AL.** 1:17CV42

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. NO. 93], GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SANCTIONS [DKT. NO. 86], AND DENYING PLAINTIFF'S MOTION TO WITHDRAW AS COUNSEL [DKT. NO. 83]**

(Dkt. No. 95-5 at 9). That statement is "inadequate in that it does not describe the maker's qualification or expertise regarding language translation, does not state whether the maker did the translations, and does not explain the circumstances under which [Mr. You] signed the affidavit." Id. Further, Mr. You has not proffered a translation, and the affidavit contains no information as to whether the translator was qualified to translate the English-language document to him accurately.

Because Mr. You's affidavit has not been shown to be an accurate translation done by a competent translator, the Court will not consider it as evidence on summary judgment.

## C. Analysis

Mr. You filed his complaint in this Court on March 16, 2017 (Dkt. No. 1), almost two years after he allegedly ended his employment with the Buffet. The FLSA provides a two-year statute of limitations on actions to enforce its provisions unless the violation was willful, in which case the limitations period is three years. 29 U.S.C. § 255(a). Like FLSA claims, West Virginia wage and hour claims are subject to a two-year statute of limitations. W. Va. Code § 21-5C-8. Given the violations alleged in Mr. You's complaint, the applicable limitations period is three

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. NO. 93], GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SANCTIONS [DKT. NO. 86], AND DENYING PLAINTIFF'S MOTION TO WITHDRAW AS COUNSEL [DKT. NO. 83]**

years for claims asserted under the FLSA and two years for claims asserted under West Virginia labor law. Thus, at best, Mr. You's claims may "reach back" three years from March 16, 2017. Accordingly, any claims relating to alleged violations occurring prior to March 16, 2014, are time-barred.

In their motion for summary judgment, Grand China and the Chens assert that any claims against them are time-barred because they sold the Buffet in August 2013, almost seven months before Mr. You's earliest possible "reach-back" date of March 16, 2014. In a sworn declaration, Mr. Chen avers that he was the president and sole owner of Grand China,[5] which owned and operated the Buffet from 2003 to August 31, 2013 (Dkt. No. 94-1 at 1). He further avers that Grand China sold the Buffet, including all of its assets, to Atlantic in August 2013, and that he later voluntarily dissolved Grand China. Id. at 2.

The Contract for Sale of Business ("the Contract"), signed by Mr. Chen on August 12, 2013, reflects that Grand China sold the Buffet, including "all furniture, equipment, chattels, and personal properties" of the business, to Atlantic. Id. at 4-7. While the

---

[5] Mr. Chen likewise avers that his wife, Hui Chen, never had any ownership interest in Grand China or the Buffet (Dkt. No. 94-1 at 3).

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. NO. 93], GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SANCTIONS [DKT. NO. 86], AND DENYING PLAINTIFF'S MOTION TO WITHDRAW AS COUNSEL [DKT. NO. 83]**

Contract indicates that "title shall be closed on the 12th day of August 2013," id. at 4, Mr. Chen avers that the closing and transfer of assets and ownership to Atlantic actually occurred on August 31, 2013. Id. at 2. Consistent with the Contract's terms, Mr. Chen avers that, following the closing, neither he nor Grand China retained any ownership interest in the Buffet, which apparently continued to operate under the same name. Id. Finally, he avers that, after August 31, 2013, neither he nor Grand China exerted any management or control over the Buffet or its operations. Id.

In response, Mr. You does not challenge the defendants' contention that any claims relating to alleged violations occurring prior to March 16, 2014, are time-barred. See Dkt. No. 95. Moreover, he does not dispute that Grand China sold the Buffet to Atlantic on August 31, 2013. Instead, he contends that, despite the sale, Mr. and Mrs. Chen continued to operate the Buffet after that date, and for the full duration of his employment at the Buffet. See id. at 6-8. Other than the affidavit discussed above,[6] the only

---

[6] Notwithstanding the evidentiary issue discussed above, the contents of the affidavit provide no further evidence that Grand China or the Chens owned or operated the Buffet after the sale to Atlantic in August 2013. See Dkt. No. 95-5.

**YOU V. GRAND CHINA ET AL.** 1:17CV42

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. NO. 93], GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SANCTIONS [DKT. NO. 86], AND DENYING PLAINTIFF'S MOTION TO WITHDRAW AS COUNSEL [DKT. NO. 83]**

evidence Mr. You offers in support of this contention is a printout from the West Virginia Secretary of State database reflecting that Grand China was not voluntarily dissolved until December 31, 2015 (Dkt. No. 95-4 at 3).[7]

Here, Mr. You has failed to proffer admissible evidence that Grand China or the Chens operated or otherwise controlled the Buffet after August 31, 2013. Contrary to his contention, Grand China's dissolution date provides no evidence that the entity was doing business on any particular date and, in particular, provides no evidence that it operated the Buffet after the August 2013 sale to Atlantic. Moreover, Grand China's dissolution date of December 31, 2015, does not contradict the specific evidence presented that the Buffet was, in fact, sold in August of 2013, and that neither Grand China nor the Chens had any control over the business after the sale. See Dkt. No. 94-1 at 1-7.

Based on this lack of evidence and because there are no genuine issues of material fact in dispute, Grand China and the

---

[7] The other evidence submitted by Mr. You in opposition to the defendants' motion for summary judgment consists of grainy photographs of customer receipts, which he purports establish his employment at Grand China. See Dkt. No. 95-2 at 1-4.

**YOU V. GRAND CHINA ET AL.** 1:17CV42

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. NO. 93], GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SANCTIONS [DKT. NO. 86], AND DENYING PLAINTIFF'S MOTION TO WITHDRAW AS COUNSEL [DKT. NO. 83]**

Chens are entitled to summary judgment. Accordingly, the Court **GRANTS** the motion (Dkt. No. 93).

### III. MOTION FOR SANCTIONS

**A. Applicable Law**

Under Federal Rule of Civil Procedure 37, a party may move for an order compelling discovery. Fed. R. Civ. P. 37(a)(1). If the motion is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The court must not order this payment, however, if "the opposing party's nondisclosure, response, or objection was substantially justified," or "other circumstances make an award of expenses unjust." Id.

Likewise, the court where an action is pending may, on motion, order sanctions if "a party . . . fails, after being served with proper notice, to appear for [his] deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Sanctions for a party's failure to attend his own deposition may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions,

**YOU V. GRAND CHINA ET AL.**                                        **1:17CV42**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. NO. 93], GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SANCTIONS [DKT. NO. 86], AND DENYING PLAINTIFF'S MOTION TO WITHDRAW AS COUNSEL [DKT. NO. 83]**

"the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

**B.   Analysis**

After thoroughly reviewing the record in this case, the Court finds that sanctions against Mr. You are warranted under Rule 37. More particularly, Grand China and the Chens are entitled to sanctions based on Mr. You's failure to satisfy his discovery obligations, including his refusal to respond to discovery requests and to attend his own deposition, as well his failure to comply with this Court's prior orders granting Grand China's motion to compel, ordering him to supplement his discovery responses, and directing that he be deposed within thirty (30) days (Dkt. Nos. 62; 76).

Notably, Mr. You's attorneys offer no justification whatsoever for their client's repeated failures to comply. Instead, his attorneys state that they "directed [Mr. You] to appear for deposition [sic] and urged [him] to comply with the Court's order" (Dkt. No. 91 at 4). They further state that Mr. You's failure to

15

**YOU V. GRAND CHINA ET AL.**                                       **1:17CV42**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. NO. 93], GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SANCTIONS [DKT. NO. 86], AND DENYING PLAINTIFF'S MOTION TO WITHDRAW AS COUNSEL [DKT. NO. 83]**

appear at his deposition and general refusal to communicate with his counsel has "proven to be an impediment" to their continued representation.[8] Id. Accordingly, the Court finds that Mr. You has provided no evidence to suggest that his failure to satisfy his discovery obligations or appear at his deposition was "substantially justified." Fed. R. Civ. P. 37(a)(5)(A), d(3). Nor has he established the existence of other circumstances that would "make an award of expenses [against him] unjust." Id.

Thus, as the party whose conduct necessitated the motion to compel, Mr. You shall be required to pay Grand China's "reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Likewise, as the party who failed to appear for his deposition, Mr. You shall also be required "to pay the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(d)(3).

The Fourth Circuit has developed a four-part test for determining what sanctions to impose under Rule 37. Specifically, "[t]he court must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance

---

[8] Based on these impediments, they also seek to withdraw as counsel for Mr. You in this matter (Dkt. No. 83).

**YOU V. GRAND CHINA ET AL.**                                    **1:17CV42**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. NO. 93], GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SANCTIONS [DKT. NO. 86], AND DENYING PLAINTIFF'S MOTION TO WITHDRAW AS COUNSEL [DKT. NO. 83]**

caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Belk v. Charlotte-Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir. 2001) (citations omitted).

First, there is ample evidence of bad faith. Mr. You acted in bad faith by refusing to appear for his noticed deposition on a date to which the parties had previously agreed, and by then refusing to consent to any other date on which to be deposed. See Dkt. Nos. 82-2; 82-4. Moreover, Mr. You willfully failed to comply with the Court's explicit orders to supplement his responses to the defendants' discovery requests and to appear for a deposition in Clarksburg, West Virginia. See Dkt. Nos. 62; 76.

Second, Mr. You's failures to satisfy his discovery obligations and to obey the Court's orders were prejudicial to Grand China and the Chens. The record reflects that these defendants expended significant time and resources attempting to move the case forward through discovery, and Mr. You simply refused to cooperate, even after being so ordered by this Court. See, e.g., Dkt. Nos. 82-1, 82-2, 82-3 (documenting defense counsel's efforts to schedule Mr. You's deposition on a mutually agreeable date, to

**YOU V. GRAND CHINA ET AL.** 1:17CV42

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. NO. 93], GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SANCTIONS [DKT. NO. 86], AND DENYING PLAINTIFF'S MOTION TO WITHDRAW AS COUNSEL [DKT. NO. 83]**

hire a qualified interpreter, and to confirm that Mr. You would appear at his noticed deposition).

Third, such blatant non-compliance with orders of the Court must obviously be deterred. See Belk, 269 F.3d at 348; see also Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 93 (4th Cir. 1989) (upholding sanctions for party's failure to comply with discovery orders where district court "described noncompliance as stalling and ignoring the direct orders of the court with impunity" and concluded that such misconduct must be deterred). Finally, less drastic sanctions would not be effective under the circumstances. As discussed at length, Mr. You has twice disobeyed this Court's orders, and, by all appearances, is no longer interested in prosecuting this matter.

For these reasons, the Court **GRANTS in PART** Grand China and the Chens' motion for sanctions under Rule 37 (Dkt. No. 86), and **ORDERS** that Mr. You pay the reasonable expenses, including attorney's fees, incurred by his failure to attend his deposition, and in the prosecution of the motion to compel and the motion for sanctions. Further, to the extent that Grand China and the Chens request dismissal as an appropriate sanction in the case, this part of the motion is **MOOT** (Dkt. No. 86).

**YOU V. GRAND CHINA ET AL.**                                    **1:17CV42**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. NO. 93], GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SANCTIONS [DKT. NO. 86], AND DENYING PLAINTIFF'S MOTION TO WITHDRAW AS COUNSEL [DKT. NO. 83]**

## IV. CONCLUSION

Therefore, for the reasons discussed, the Court:

1. **GRANTS** Grand China and the Chens' motion for summary judgment (Dkt. No. 93);

2. **GRANTS in PART** Grand China and the Chens' motion for sanctions (Dkt. No. 86), and **ORDERS** that Mr. You:

    • Reimburse Grand China for the fees and expenses, including attorney's fees, incurred in the prosecution of the motion to compel; and

    • Reimburse Grand China and the Chens for the fees and expenses incurred, including attorney's fees, by Mr. You's failure to attend his deposition and in the prosecution of the motion for sanctions;

3. **DENIES in PART as MOOT** Grand China and the Chens' motion for sanctions (Dkt. No. 86) to the extent that it requests dismissal as an appropriate sanction;

4. **ORDERS** Grand China and the Chens to file a statement detailing the fees and expenses to be awarded no later than **April 15, 2019.** Mr. You shall have until **April 29, 2019,** to file any objections; and

**YOU V. GRAND CHINA ET AL.**                                              1:17CV42

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. NO. 93], GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SANCTIONS [DKT. NO. 86], AND DENYING PLAINTIFF'S MOTION TO WITHDRAW AS COUNSEL [DKT. NO. 83]**

5.  **DENIES** counsel for Mr. You's motion to withdraw, subject to renewal following the full resolution of the motion for sanctions (Dkt. No. 83); and

6.  **DIRECTS** counsel for Mr. You to notify their client of this Memorandum Opinion and Order and to file proof of such notice with the Court.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Memorandum Opinion and Order to counsel of record and to enter a separate judgment order.

DATED: March 18, 2019

>   /s/ Irene M. Keeley
>   IRENE M. KEELEY
>   UNITED STATES DISTRICT JUDGE